UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWANDA M. CARTER,<br><br>                         Plaintiff,<br>v.<br>UNITED STATES,<br><br>                        Defendant. | Case No. 21-cv-00324-BAS-DEB<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION TO PROCEED** *IN FORMA PAUPERIS*<br><br>**(ECF No. 2)** |

      On February 22, 2021, Plaintiff Lawanda M. Carter, proceeding *pro se*, commenced this action against the United States. (ECF No. 1.) The same day, Plaintiff also filed an application seeking leave to proceed without prepaying fees or costs, also known as proceeding *in forma pauperis* ("IFP"). (ECF No. 2.) For the reasons discussed below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's application to proceed IFP.

      Under 28 U.S.C. § 1915, an indigent litigant who is unable to pay the fees required to commence a legal action may petition a court to proceed without making such prepayment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

It is well-settled that a party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotations omitted). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "[i]n forma pauperis status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). In addition, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Having read and considered Plaintiff's application, the Court finds that Plaintiff fails to meet the requirements for IFP status under 28 U.S.C. § 1915. Regarding her income, she states only that she receives $900.00 monthly from disability payments and has $500.00 in cash. (IFP App. ¶¶ 1, 4, 11.) The fields requesting information about past employment or other assets have been left blank. (*Id.* ¶¶ 2, 5.) Similarly, Plaintiff lists as an expense

only a monthly rent or mortgage payment of $500.00; the remaining fields have not been completed. (*Id.* ¶ 8.) She also states that she will not be incurring expenses or attorney fees for this action and expects no major changes to her assets or expenses. (*Id.* ¶¶ 9, 10.)

It is not apparent how Plaintiff is obtaining the necessities of life, and in turn whether this source of funds—if it exists—can cover the required filing fee in this action or is applied to other expenses. The Court can only conclude from the limited information provided that Plaintiff has, at minimum, $400.00 left over each month after paying rent or mortgage, the sole listed expense. Because Plaintiff's IFP application does not indicate that requiring Plaintiff to pay the required $400 fee would impair her ability to obtain the necessities of life, *Adkins*, 335 U.S. at 339, the Court finds, on the facts presented, that Plaintiff has the means to prepay the required filing fee without sacrifice to any other expenses.

In light of the foregoing, the Court **DENIES** Plaintiff's application to proceed IFP **WITHOUT PREJUDICE**. (ECF No. 2.) To proceed IFP, Plaintiff must refile the IFP application by **April 2, 2021** with more specific information regarding the aforementioned sources of income and monthly expenses. Plaintiff should note that the IFP application specifically instructs applicants not to leave any blanks, and to instead response "0," "none," or "not applicable (N/A)" as necessary.

**IT IS SO ORDERED.**

**DATED: March 12, 2021**

Hon. Cynthia Bashant
United States District Judge