UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWANDA M. CARTER,<br><br>                          Plaintiff,<br><br>      v.<br><br>UNITED STATES,<br><br>                          Defendant. | Case No. 21-cv-00324-BAS-DEB<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S AMENDED APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 5);**<br><br>**AND**<br><br>**(2) REQUIRING PLAINTIFF TO SHOW CAUSE RE: VENUE** |

On February 22, 2021, Plaintiff Lawanda M. Carter, proceeding *pro se*, commenced this action against the United States and requested to proceed *in forma pauperis* ("IFP"). (ECF No. 1.) The Court denied Plaintiff's Application to Proceed IFP on the basis that it was incomplete and instructed Plaintiff to refile the application by April 2, 2021. (ECF No. 4.) Plaintiff has now submitted an amended Application. (IFP App., ECF No. 5.)

**I.    IFP APPLICATION**

In her amended Application, Plaintiff clarifies that her only source of income is $900.00 monthly from disability payments and that she has $150.00 in cash. (IFP App. ¶¶ 1, 4, 11.) She is not employed, has no savings, and does not own any assets. (*Id.* ¶ 1.) Her expenses—including housing, food, laundry, and transportation—total $900.00 per month. (*Id.* ¶ 8.) She further states that she has spent or will be spending $350 for expenses or

attorney's fees in conjunction with this lawsuit. (*Id.* ¶ 10.) Given these circumstances, the Court finds that requiring Plaintiff to pay the $400.00 court filing fee would impair her ability to obtain the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Accordingly, the Court finds that Plaintiff has now satisfied the requirements for IFP status under 28 U.S.C. § 1915. However, if it appears at any time in the future that Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. This includes any recovery Plaintiff may realize from this suit or others, and any assistance Plaintiff may receive from family or the government.

## II.   VENUE

Under the Federal Rules of Civil Procedure, a civil case may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If venue is improper, a district court must dismiss "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Even where venue is proper, a district court still has discretion to transfer the action "[f]or the convenience of the parties and witnesses . . . to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).

"The Court may sua sponte raise improper venue so long as the defendant has not filed a responsive pleading and the parties are provided with an opportunity to respond to the issue." *Eliason v. United States Dep't of Justice*, No. CV 20-00257 JAO-WRP, 2020

WL 3258407, at *1 (D. Haw. June 16, 2020) (citing *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citations omitted)); *Zhu v. Whinery*, 109 F. App'x 137, 138 (9th Cir. 2004) (affirming dismissal of case based on improper venue following an order to show cause). Plaintiffs bear the burden of demonstrating that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

Based on the Court's review of the Complaint, it appears venue is improper. The Complaint does not allege any basis for venue in the Southern District of California. None of the parties appear to reside in this district. Plaintiff provides an address in Lake Forest and the underlying claims appear to arise from activity that took place at the Long Beach Veterans Administration. Lake Forest and Long Beach are cities in Orange County and Los Angeles County, respectively, both of which fall within the boundaries of the Central District of California. *See* Jurisdiction Map for the Central Dist. of Calif., https://www.cacd.uscourts.gov/jurisdiction (last accessed Feb. 9, 2021) (identifying Orange County as part of the Southern Division of the Central District and Los Angeles County as part of the Western Division). Thus, it is not clear to the Court how the Southern District of California is the proper venue for this action.

### III.   CONCLUSION AND ORDERS

The Court **GRANTS** Plaintiff's Amended IFP Application. (ECF No. 5.) Accordingly, the Court:

(1)   **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with blank U.S. Marshal Forms 285 for Defendant United States. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of her Complaint, and the summons so that she may serve these Defendants.[1] Upon receipt of this "IFP Package," Plaintiff must complete a Form 285 for

---

[1] The Court notes that Plaintiff attached a proof of service to her amended IFP Application indicating that she served Defendant with the summons and Complaint by certified mail on March 15, 2021. However, no summons had issued in her case at that time. Now that the Court is directing the Clerk to issue a summons, Plaintiff shall follow the instructions contained herein to facilitate service by the U.S. Marshals.

each Defendant as completely and accurately as possible, **include an address where Defendant may be found**, and return the Forms to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the IFP package.

(2) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and Summons upon Defendants as directed by Plaintiff on each USM Form 285 provided to her. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

(3) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants—or, if appearance has been entered by counsel, upon Defendants' counsel—a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include, with every original document Plaintiff seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. Civ. L. R. 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon Defendants, may be disregarded.

\*\*\*

Further, Plaintiff is **ORDERED TO SHOW CAUSE**, by **April 29, 2021**, why this action should not be dismissed or transferred for improper venue. Plaintiff must file a response to this Order explaining why venue in the Southern District of California is proper. Alternatively, Plaintiff may consent to transfer the case to an appropriate venue. Plaintiff is cautioned that if no response to this Order is filed by the deadline, this case may be dismissed without prejudice.

**IT IS SO ORDERED.**

**DATED: March 31, 2021**

Hon. Cynthia Bashant
United States District Judge